**KEOUGH, et al v. COLANGELO.**
Nos. 77-9447, 77-0669, 77-9679.
County Court, Broward County.
March 22, 1978.

Philip J. Gouze, Fort Lauderdale, for the plaintiffs.

John B. Smith, Fort Lauderdale, for the defendant.

EUGENE S. GARRETT, County Court Judge.

This matter was tried by the court on February 24, 1978. The court, having had the opportunity to consider the testimony of the parties and to review the exhibits introduced into evidence, and further having considered the arguments of counsel as outlined in their memorandums of law, makes the following determinations of fact and conclusions of law —

### Statement of facts

In April of 1977, and at all times hereinafter stated, the defendant was the owner of a garage situated in Broward County. At such time the garage was leased by the defendant to an individual who was engaged in an on premises motor vehicle repair shop business. Also in April of 1977, each of the plaintiffs, either directly or through their agents, delivered a motor vehicle to the leasee/operator of said business — plaintiff, Keough, delivering a 1972 Chervolet van; plaintiff, Miller, delivering a non-operable MG automobile body; plaintiff, Simpson, delivering a 1968 Pontiac GTO automobile.

On or about May 16, 1977 the defendant obtained possession of the aforesaid garage and its contents (which from the physical inventory taken, included among other things, the aforesaid three motor vehicles) by reason of a default in the payment of rent under the lease. From May 16, 1977, and at all times hereinafter stated, the garage was secured and maintained by the defendant without incident. Within thirty days of May 16, 1977, each of the plaintiffs, either directly or through their agents, demanded return of their respective motor vehicles from the defendant, who refused to do so until October of 1977 (after the complaints in replevin which give rise to these lawsuits were filed) when agreement for such return was reached among all the parties hereto.

Upon return of the three motor vehicles in question, the plaintiffs upon inspection discovered various areas of damage, deterioration, and loss of parts and fixtures from the time the vehicles were delivered for repairs as heretofore stated. None of the proven missing parts appear on the written record of the physical inventory taken by the defendant on May 16, 1977.

### Conclusions of law

Under the facts presented to the court it is evident that the defendant took possession of the three motor vehicles in question primarily to maintain "security" for payment of the then overdue rent and then later continued to possess the same until satisfied as to the identities of the true owners.

While F.S. 83.08(2) grants a landlord a lien on *property of the lessee* for overdue rent, it is the finding of this court that the motor vehicles were not subject to such a lien and therefore their retention was susceptible to replevin action which was eventually pursued by the plaintiffs resulting in the recovery of the vehicles in October, 1977, as aforesaid.

It is the further finding of this court that a constructive bailment relationship came into existence by virtue of the defendant's retention of the vehicles in May of 1977, and continued until October of 1977; and that the bailment was for the sole benefit of the bailee (defendant) created through the mistake or force of circumstances relative to the possession of the vehicles, passing to her by reason of rent default. See 4 Fla. Jur., *Bailments*, Section 4.

It is generally accepted view in the state of Florida that in the case of a bailment for the exclusive benefit of the bailee, in order to discharge himself from liability in case of loss, he must show that he exercised the greatest care and attention over the subject matter of the bailment. See 4 Fla. Jur., *Bailments*, Section 9.

The rule appears well settled that in the absence of statute or express contract, an ordinary bailee, no matter to what class he belongs, is not an insurer of the property delivered to his keeping and except where he has violated his contract with the bailor, is not liable for the loss or injury to, the thing bailed. That is to say, a bailee will not be liable if the property bailed is damaged or lost by accident, or by some other means wholly without the fault of the bailee, and in the absence of some special stipulation in the bailment contract, such damage or loss falls on the bailor. See 4 Fla. Jur., *Bailments*, Section 10.

The immediate foregoing theory would apply to loss or damage because of internal decay, the negligence of a third person, or

because of other causes over which the bailee had no control, such as robbery, theft or natural causes. See 4 Fla. Jur., *Bailments,* Section 10.

As in the case at bar, when one party to a bailment seeks to recover from the other for some breach of duty under the bailment, the plaintiff has the burden of showing a breach of duty upon which liability may be predicated. Thus, in an action against a bailee for loss or injury to the subject of the bailment, based upon alleged negligence on the part of the bailee, the ultimate burden of proving negligence in the care of the property bailed rests upon the bailor. See 4 Fla. Jur., *Bailments,* Section 13.

Assuming that proof of delivery of the property to the bailee in good condition and damage thereto while in the bailee's (defendant's) possession has been established, the bailor (plaintiff) then has made out a prima facie case which requires the bailee (defendant) to go forward with the evidence and show that she exercised the degree of care required by the nature of the bailment. See 4 Fla. Jur., *Bailments,* Section 13.

It is the finding of this court that the bailee (defendant) did fulfill her legal duty regarding the care and custody of the motor vehicles which were the subject matter of the bailment. Proof that the motor vehicles were locked safely and securely at all times within the garage in question, absence of proof to the contrary, adequately and reasonably satisfied the duty of the bailee (defendant).

### Conclusion

Based on all of the reasons aforesaid, therefore, the court concludes that as a matter of law, the plaintiffs, Thomas A. Keough, Chautse Miller, and Deborah R. Simpson, have each failed to prove, by a preponderance of the evidence, that they are individually, entitled to a judgment against said defendant for any damage or loss to their respective motor vehicles, and further, the court concludes that as a matter of law the plaintiffs, Thomas A. Keough, Chautse Miller, and Deborah R. Simpson, have each proven by the preponderance of the evidence that they are, individually, entitled to a judgment against the defendant for her detention of their respective motor vehicles (four months of which is determined to be unreasonable and tortious), and it is therefore ordered and adjudged that the plaintiff, Thomas A. Keough, does and has recovery from the defendant, Theresa Colangelo, the sum of $600, plus court costs in the amount of $47.50, for which let execution issue. It is further ordered and adjudged that the plaintiff, Deborah R. Simpson, does and has recovery from the defendant, Theresa Colangelo, the sum of $300, plus court costs in the amount of $47.50, for which let execution issue.